# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Gregory Costan et al.

v.

Timothy Stratos et al.

September 29, 2008

Case No. 08-83

BY JUDGE PAUL M. PEATROSS, JR.

This matter is before the Court on the Plea in Bar and Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by the Intervenor, Holy Transfiguration Greek Orthodox Church of Charlottesville, Inc. ("Holy Transfiguration"). Argument and evidence was presented on the motion on September 3, 2008, and the Court took the motion under advisement to consult the legal authorities cited.

At issue before the Court is whether it can resolve a dispute over the ownership of church property by adopting a "neutral principles of law" approach with such approach relying on state statutes concerning the holding of religious property and corporate governance, the language of relevant deeds, and the terms of corporate charters. If it can do so without examining ecclesiastical policy or doctrine in settling the dispute, such action is permitted and does not violate The First Amendment. *Reid v. Gholson*, 229 Va. 179, 187-88 (1985).

The evidence at the September 3, 2008, hearing showed that the American Greek Community Corporation, a non-stock corporation incorporated under the laws of Virginia in 1944, through its 64 years acquired, improved, and maintained real estate for institutions to use. One such institution was The Transfiguration Greek Orthodox Church (the "Parish").

140

In 1974, a dispute arose among the members of the Parish, which resulted in a lawsuit in this Court. The lawsuit settled and recognized two separate entities, one, an unincorporated association (Parish) led by its council and priest, and the other, the American Greek Community Corporation ("Corporation"), governed by its Board of Directors. The settlement provided for a hundred year lease whereby the Corporation became the landlord and the Parish became the tenant.

In 2006, the Parish Council began considering reorganizing the Parish and the Corporation by incorporating the Parish, causing the Corporation to convey the real estate it owned and its other assets to the new Parish corporation. Virginia repealed its constitutional prohibition on the incorporation of churches in 2006.

As shown by the evidence, the Metropolitan issued a letter on December 7, 2007, to leaders and members of the Parish stating that the arrangement of the two separate entities where the Parish was a "tenant of its own properties" was unacceptable. Therefore, he directed that the Parish gather and, by common assent, find a new non-profit religious corporation.

On December 8, 2007, a meeting was held in the form of a General Assembly of the Parish and the priest gave a presentation that the letter of the Metropolitan be approved and the American Greek Corporation be dissolved.

After the meeting, the new Parish president, delivered a proposed resolution to two of the Corporation's directors, defendants, Stratos and Vames, to convey the real estate and assets to the newly formed corporation, Holy Transfiguration Greek Orthodox Church of Charlottesville. The third director, Fotios Vavelidis, was not notified of the resolution and had not resigned or been removed as a director. No meeting of the General Assembly of the Corporation was conducted to approve any transfer of property or dissolve the corporation. Defendant Stratos, President of the Corporation, in accordance with the resolution, conveyed the property by deed of conveyance dated December 13, 2007.

The question then is is this action reviewable by this Court to determine if state law was followed in the transfer of this property.

This Court denies the Plea in Bar as it finds it can adopt a "neutral principles of law" approach without having to examine ecclesiastical policy or doctrine to resolve ownership of the property in question. In doing so it has reviewed all the case law cited to the Court by counsel. The above facts noted were considered by the Court to rule on the motion before the Court and are not established facts pertaining to a ruling on the merits of the case.